**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| BRUCE SCHOLLAERT and JULIE SCHOLLAERT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 1:17-CV-414-TLS ) |
| ESSINTIAL ENTERPRISE SOLUTIONS, LLC, NCR CORPORATION, ISADOR HART, and ONEPATH SYSTEMS, LLC, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiffs Bruce and Julie Schollaert filed a Complaint [ECF No. 1] against Defendants Essintial Enterprise Solutions, LLC (Essintial); NCR Corporation (NCR); and Isadore Hart[1] on September 28, 2017. On May 22, 2018, the Plaintiffs filed an Amended Complaint [ECF No. 21], which also named Onepath Systems, LLC (Onepath) as a Defendant. In the Amended Complaint, the Plaintiffs allege that the Defendants discriminated against them on the basis of race in violation of 42 U.S.C. § 1981.

On June 6, 2018, Defendant NCR filed a Motion to Dismiss [ECF No. 27] pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), (5), or (6), or in the alternative to transfer venue under 28 U.S.C. §§1404 or 1406. On June 25, 2018, Defendant Onepath filed a Motion to Dismiss [ECF No. 32] pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), or (5), or in the alternative to transfer venue under 28 U.S.C. §§1404 or 1406. The Plaintiffs responded [ECF No. 41] to both the Motions, and Defendants Onepath and NCR jointly replied [ECF No. 44]. On

---

[1] The Plaintiff refers to Defendant Hart as "Isador" or "Isadora" in their filings. Defendant Hart advised of the proper spelling of his name—"Isadore"—in his Motion for Leave to Join Motions to Dismiss or Leave to Transfer Venue.

July 25, 2018, Defendant Hart moved [ECF No. 45] to join his Co-Defendants' Motions. These matters are now briefed and ripe for review.

**BACKGROUND**

The Plaintiffs are a husband and wife residing in Fort Wayne. The Plaintiffs allege that they entered into contracts and work arrangements for Defendants Essintial, NCR, and Onepath as independent contractors. The Plaintiffs are in the business of repairing business machines at commercial and retail enterprises. In the Amended Complaint, the Plaintiffs allege that on August 9, 2016, while preparing NCR business machines at a Wal-Mart in Livonia, Michigan, Defendant Hart became angry and hostile towards the Plaintiffs. The Plaintiffs assert that Defendant Hart lodged racially insensitive and abusive language at them, including referring to Plaintiff Julie Schollaert as a "stupid white bitch" and calling the Plaintiffs "lazy white people." The Plaintiffs alerted Essintial about the alleged harassment, but it continued throughout the day. After this incident, the Plaintiffs allege that they lost business with, and were retaliated against by, Essinital, and were thus deprived of on-going and future contractual benefits. The Plaintiffs assert that Defendant Hart was at all relevant times a Onepath employee and that he was wearing an NCR Tech Badge at all relevant times. Additionally, the Plaintiffs allege that Defendants Essintial, NCF, and Onepath were "joint contractors" who controlled the terms, benefits, and conditions of their working and contractual relationship with the Plaintiffs. As such, they are liable for the alleged discrimination.

The Plaintiff alleges that Defendant Essintial has a corporate address in Pennsylvania, that Defendant NCR has headquarters in Georgia, that Defendant Onepath also has headquarters in Georgia, and that Defendant Hart is an employee of Onepath. The Plaintiffs broadly allege

that Defendants Essintial, NCR, and Onepath conduct business in Indiana. The Defendants' briefing demonstrates that Defendant NCR is a Maryland corporation with a principal place of business in Georgia, that Defendant Onepath is a Georgia LLC with a principle place of business in Georgia, and that Defendant Hart is an Illinois resident who has never been an employee of any of his co-Defendants. However, at relevant times he was President of Clintech Business Solutions Corporation (Clintech), an Illinois corporation with a principal place of business in Illinois. Prior to August 9, 2016, Clintech entered into a contract with Defendant Onepath to provide services related to the installation of self-checkout machines at a Wal-Mart located in Livonia, Michigan. On August 9, 2016, Defendant Hart provided services related to the installation of self-checkout machines at the Wal-Mart located in Livonia.

All parties agree that the events giving rise to the litigation occurred exclusively in Livonia, Michigan, which lies in the Eastern District of Michigan.

**STANDARD OF REVIEW**

On consideration of a motion to dismiss for improper venue, a court must resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011), with the plaintiff then bearing the burden of establishing that venue is proper, *Grantham v. Challenge–Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). If venue is improper, the court may either dismiss the suit or transfer it to a district in which the plaintiff could have initially filed the suit if "it be in the interest of justice." 28 U.S.C. § 1406(a).[2] Venue can be proper in more than one district. *See Armstrong v.*

---
[2] In contrast, if venue is proper in the district where the case is initially filed, that court retains discretion to order transfer pursuant to 28 U.S.C. § 1404(a).

*LaSalle Bank Nat'l Ass'n*, 552 F.3d 613, 617 (7th Cir. 2009). When ruling on a motion to dismiss for improper venue, a district court may examine facts outside the complaint without converting the motion to a motion for summary judgment. *Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

**ANALYSIS**

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The parties agree that the Northern District of Indiana is an improper venue in this case. (*See* Mots. to Dismiss, ECF Nos. 27, 32; Pl. Resp., ECF No. 41.) The only question remaining for the Court is whether dismissal or transfer is proper. The Plaintiff asserts that transfer to the United States District Court for the Eastern District of Michigan is proper, whereas the Defendants advocate for dismissal.

The decision to transfer is left to the sound discretion of the Court. *Coté v. Wadel*, 796 F.3d 981, 985 (7th Cir. 1999). Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is "time consuming" and may be "justice-defeating." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). The transferor court does not need to have personal jurisdiction over all defendants before it can apply 28 U.S.C. § 1406(a). *See id.* at 466. "In deciding whether transfer is appropriate under [§] 1406(a), courts are to look at whether the transfer is in the interest of justice; that is, whether the transferee forum is convenient to the parties and witnesses as well as what impact transfer has on the efficient administration of the court system." *Thomas v. Exxon Mobil Oil Corp.*, No. 2:06-CV-144, 2007 WL 1035159, at *1

(N.D. Ind. Apr. 2, 2007) (citing *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 530 (7th Cir. 2002)).

The Court finds that transfer to the Eastern District of Michigan under 28 U.S.C. § 1406(a) is proper. All of the Defendants, as well as the Plaintiffs, were contracted, subcontracted, or otherwise engaged to install self-checkout machines at a Wal-Mart located in the Eastern District of Michigan. The Plaintiff's Amended Complaint, and the parties' briefing on the Motions, frame the litigation as an alleged episode of racial discrimination wholly within, and related to such contacts with, the Eastern District of Michigan. The litigation could have been appropriately filed there in the first place, and the Defendants remain free to raise the remainder of their defenses that the Court has not reached in the proper venue.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Hart's Motion for Leave to Join Motions to Dismiss or Leave to Transfer Venue [ECF No. 45], and GRANTS IN PART the Motions to Dismiss or, in the Alternative, to Transfer Venue [ECF Nos. 27, 32] filed by Defendants NCR Corporation and Onepath Systems, Inc. The Clerk of Court is DIRECTED TO TRANSFER this case to the United States District Court for the Eastern District of Michigan.

SO ORDERED on July 30, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT